# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JONATHAN R. NEWBERRY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-07-394-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

The claimant Jonathan R. Newberry requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining that he was not disabled. For the reasons discussed below, the Commissioner's decision is REVERSED and REMANDED.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and

work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) to two inquiries: first, whether the decision is supported by substantial evidence; and second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence means "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court

---

[1] Step one requires the claimant to establish he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work the claimant can perform existing in significant numbers in the national economy, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on November 15, 1982, and was twenty-four years old at the time of the administrative hearing. He has a high school education and no past relevant work experience. The claimant alleges he has been disabled since January 1, 1995, because of organic mental disorder, learning disability and emotional disturbance.

## Procedural History

On February 2, 2004, the claimant protectively filed an application for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, which was denied.[2] ALJ Michael Kirkpatrick conducted a hearing and found the claimant was not disabled on February 12, 2007. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. § 416.1481.

---

[2] The claimant filed a prior application for supplemental security income payments in April 1999. The ALJ noted the claimant was beyond the two-year time period for establishing good cause to reopen the prior application and concluded the previous determination was final and binding. *See Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990) (finding that the ALJ's decision not to reopen claimant's prior applications for benefits was discretionary and is not subject to judicial review under § 405(g)), *citing Califano v. Sanders*, 430 U.S. 99, 107-09 (1977).

## Decision of the Administrative Law Judge

The ALJ made his decision at step two of the sequential evaluation. He found that the claimant's "organic mental disorder (learning disabled and emotionally disturbed)" was a medically determinable impairment and applied the special technique set forth in 20 C.F.R. § 416.920a, determining that the claimant had mild restrictions in activities of daily living, difficulties in maintaining social functioning, difficulties in maintaining concentration, persistence or pace, and no episodes of decompensation (Tr. 13, 16). He then concluded that the claimant's mental impairments were not severe, *i. e.*, they did not "significantly" limit the claimant's "ability to perform basic work-related activities for 12 consecutive months[.]" (Tr. 13, 17).

## Review

The claimant contends that the ALJ erred: (i) by failing to find his mental impairments severe at step two; and, (ii) by failing to properly consider the opinions in the record. As part of his first contention, the claimant argues that the ALJ failed to fully consider the opinions of consulting psychologist Dr. M. Gerald Ball, Ph.D., and Dr. Roy T. Maxwell, Ed.D. The Court finds this argument persuasive.

The record reveals that the claimant underwent a psychological evaluation with Dr. Ball in May 2004. Dr. Ball noted that the claimant arrived three hours early for his appointment and appeared "adequately groomed." He was oriented to time, place and person, and he did not appear to have a thought disorder. He "responded appropriately to

conversational level speech [and] . . . [h]is articulation [was] good." The claimant began attending special education classes for one hour per day in the third grade. Testing results on the WAIS-3 showed the claimant had a verbal and performance IQ of 83 and a full scale IQ of 81, which Dr. Ball noted was in the borderline range. Although the claimant's vocabulary development and general fund of information was average to above average, he "h[ad] notable difficulties with arithmetic and understanding social situations." He had above average functioning "in his ability to visually analyze and sequence social situations, [but] . . . ha[d] particular difficulty in his ability to perceive visual patterns." On the reading section of the WRAT-3, the claimant earned a score equivalent to a post high school level, however, Dr. Ball indicated that reading comprehension was likely a problem for him. He assessed the claimant with borderline intellectual functioning, obesity and heart problems, problems with independent living, and a Global Assessment of Functioning ("GAF") score of 53. Dr. Ball also concluded that "[b]ecause of his dependence on parental care[, the claimant] . . . [was] not yet capable of managing benefits without assistance." (Tr. 124-26).

State agency psychologist Burnard L. Pearce, Ph.D., completed a Psychiatric Review Technique form of the claimant for organic mental disorders in June 2004. He noted the claimant had borderline intellectual functioning with a mild degree of limitation in restrictions of daily activities, difficulties maintaining social functioning, difficulties maintaining concentration, persistence or pace and insufficient evidence of repeated episodes

of decompensation of an extended duration. The findings were affirmed by another agency psychologist in July 2004 (Tr. 136-49).

The claimant underwent a second psychological evaluation in March 2006 with Dr. Maxwell. He performed testing on the claimant which included the Stanford-Binet IV and the Vineland Adaptive Behavioral Scales. The claimant scored a test composite of 59 on the Stanford-Binet test and an adaptive behavior composite of four years and ten months. Based on his findings, Dr. Maxwell assessed the claimant with mild mental retardation and noted he was not capable of handling his own affairs (Tr. 193-96). He also completed a mental medical source statement and found the claimant had marked limitations in all areas of understanding and memory, sustained concentration and persistence, social interaction, and adaptation (Tr. 197-98).

A claimant has the burden of proof at step two of the sequential analysis to show that he has an impairment which is severe enough to interfere with the ability to work. *Bowen v. Yuckert*, 482 U.S. 137 (1987). The determination "is based on medical factors alone, and 'does not include consideration of such vocational factors as age, education, and work experience.'" *Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004), *quoting Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). Although a claimant "must show more than the mere presence of a condition or ailment[,]" *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997), the claimant's step-two burden only requires a "de minimis" showing of impairment. *Hawkins*, 113 F.3d at 1169. A finding of non-severity may be made only when

the medical evidence establishes a slight abnormality or a combination of slight abnormalities which would not have any more than a minimal effect on an individual's ability to work. *Hinkle*, 132 F.3d at 1352.

In determining that the claimant's mental impairments were not severe, the ALJ discussed the May 2004 mental evaluation by consulting psychologist Dr. Ball (Tr. 124-26), the June 2004 findings of non-examining psychologist Dr. Pearce on the PRT form (Tr. 136-49), and the March 2006 mental evaluation by Dr. Maxwell. His analysis of the claimant's mental impairments was problematic, however, for at least two reasons.

First, although the ALJ discussed several of the examination findings from Dr. Ball and Dr. Maxwell in his decision, *e. g.*, the claimant's IQ scores on the WAIS-III administered by Dr. Ball, a reading score equivalent to a high school level, IQ score of 59 on the Stanford Binet IV administered by Dr. Maxwell, and the adaptive behavior composite score (Tr. 14-15), he wholly failed to mention several of their other opinions which were inconsistent with a determination that the claimant's mental impairments were not severe. Dr. Ball also concluded that the claimant had notable difficulties with arithmetic and understanding social situations, problems perceiving visual patterns, reading comprehension difficulties, and was not capable of managing benefits, while Dr. Maxwell opined that the claimant could not handle his own affairs and assessed him with numerous marked limitations of functioning on a mental RFC evaluation. It was error for the ALJ to "pick and choose" between Dr. Ball's and Dr. Maxwell's findings without any explanation. *See, e. g., Hardman v. Barnhart*,

362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984) ("Th[e] report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper.") [citations omitted]. Instead, the ALJ should have discussed the evidence supporting his decision and explained his rejection of the evidence that did not. *See, e. g., Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."), *citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). *See also Threet v. Barnhart*, 353 F.3d 1185, 1190 (10th Cir. 2003) (remanding "for the ALJ to articulate specific findings and his reasons for ignoring . . . evidence.").

Second, the ALJ made no mention of the GAF score of 53 assigned to the claimant by Dr. Ball. Such a low GAF score is clearly at odds with the determination that the claimant's mental impairments were not severe, *see, e. g., Langley*, 373 F.3d at 1122-23 n.3 ("A GAF score of 51-60 indicates moderate symptoms, such as flat affect, or moderate difficulty in social or occupational functioning.") [quotation omitted], so the ALJ should not have ignored it, particularly "[i]n a case like this one, decided at step two[.]" *Lee v. Barnhart*, 117 Fed. Appx. 674, 678 (10th Cir. 2004) [unpublished opinion].

Because the ALJ failed to properly analyze the evidence of the claimant's mental impairments, the decision of the Commissioner is reversed and the case remanded for proper analysis thereof. If such analysis indicates that the claimant *does* have a severe mental impairment, the ALJ should determine the claimant's functional limitations, include them in an appropriate RFC, and redetermine whether he is disabled.

## Conclusion

As set forth above, the Court finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED and the case REMANDED for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED** this 11th day of March, 2009.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**